OPINION
{¶ 1} On October 31, 2004, Middletown Police Detective Frank Hensley responded to a call reporting that R.D., a 17-month-old child, had been admitted to Middletown Regional Hospital with life-threatening injuries. After the child had been transferred to Cincinnati Children's Medical Center and treated, Det. Hensley learned from R.D.'s attending physician that the child sustained severe bruising on both ears and his neck, and had linear bruises consistent with being struck with a belt-like object on his buttocks. The physician reported that these bruises were fresh, but that the child also had an older bruise in the shape of a handprint on his thigh.
 {¶ 2} After speaking with the physician, Det. Hensley interviewed appellant, who at that time, was not placed under arrest. Appellant explained that she lived with M.D., who is R.D.'s father, and that she often helped in feeding and caring for the child. Appellant stated that the previous day, she disciplined R.D. by slapping him on the thigh with her open hand after the child drew on the carpet with crayons. Appellant told Det. Hensley that while she had disciplined the child the previous day by slapping his thigh with an open hand, she did not inflict the life threatening injuries that the child sustained. Appellant also told Det. Hensley that she did hear M.D. disciplining the child earlier that evening.
 {¶ 3} After Det. Hensley released appellant, he interviewed M.D., who confessed to whipping R.D. with a belt earlier in the evening. M.D. also admitted that he caused the bruising on the child's ears and neck by raising the child above his head and shaking him. However, M.D. denied slapping the child's thigh with an open hand.
 {¶ 4} On November 3, 2004, appellant was arrested and charged with one count of domestic violence in violation of the City of Middletown Codified Ordinances ("Middletown Code") 636.17(B) for recklessly causing R.D., a household member, serious physical harm. Appellant entered a guilty plea, but filed a motion to withdraw that plea. The trial court granted appellant's motion, and appellant entered a not guilty plea. After a bench trial, the trial court found appellant guilty of domestic violence, sentenced appellant serve 180 days in jail, with credit for 14 days served, and imposed a $250 fine. However, the trial court suspended appellant's jail sentence and placed her on probation for two years. Appellant appeals her conviction, raising a single assignment of error:
 {¶ 5} "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF DOMESTIC VIOLENCE."
 {¶ 6} Appellant raises several arguments challenging the sufficiency of the evidence supporting her conviction. Appellant maintains the evidence presented was insufficient to prove that she recklessly caused R.D. serious physical harm. We agree.
 {¶ 7} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 8} Appellant was convicted of domestic violence in violation of Middletown Code 636.17(B), which provides:
 {¶ 9} "* * *
 {¶ 10} "(3) No person shall recklessly cause serious physical harm to a family or household member."
 {¶ 11} Further, Middletown Code 606.01(y), which is analogous to R.C. 2901.01(A)(5), defines "serious physical harm to persons" as any of the following:
 {¶ 12} "(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 13} "(2) Any physical harm that carries a substantial risk of death;
 {¶ 14} "(3) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 15} "(4) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
 {¶ 16} "(5) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain."
 {¶ 17} Even construing the evidence in the light most favorable to appellee, we hold that the evidence was insufficient to convict appellant of domestic violence in violation of Middletown Code 636.17(B). According to the record, while R.D. did suffer life-threatening injuries at the hands of his father, the only injury appellant caused the child was a hand-shaped bruise on his thigh. It is clear from the evidence presented at trial that the bruise appellant caused was unrelated to the life-threatening injuries. While the bruise was indeed significant, and described by the physician as "very livid," the appearance of one bruise generally does not constitute serious physical harm. State v. Massey (1998), 128 Ohio App.3d 438,442; In re K.B., Summit App. No. 21365, 2003-Ohio-3784, ¶ 15. This court has previously held that a series of profuse bruising across a child's buttocks, thighs, and back constitutes serious physical harm. State v. Burdine-Justice (1998),125 Ohio App.3d 707, 714-715. However, in this case, no rational trier of fact could have found, beyond a reasonable doubt, that appellant caused R.D. serious physical harm by inflicting a single bruise on his thigh. Appellant's assignment of error is sustained. Accordingly, we reverse appellant's conviction for domestic violence and vacate the sentence imposed by the trial court.
 {¶ 18} Judgment reversed.
 {¶ 19} Powell, P.J., and Young, J., concur.